Angelina Carrión et al., Plaintiffs and Appellees, *v.* Juana Maldonado Carmona, Defendant.—Angelina Carrión, Intervenor and Appellant.

No. 4800.   Argued February 18, 1929.—Decided February 27, 1929.

*R. García Mujica* for the appellant.   *R. Cuevas Zequeira* and *Harry B. Llensa* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On the 14th of November, 1928, a motion was made to dismiss the appeal taken in this case as frivolous and academic. The appellant objected and the court overruled the motion on the 11th of the following December on the ground that there was no basis for a consideration of the question raised.

On December 17, 1928, the intervenor-appellant filed a so-called "transcript of the record and evidence" composed of 52 typewritten pages. There is at the foot a certificate of the clerk of the district court reading as follows:

"I certify that I have examined each and all of the allegations copied in the present transcript of record and evidence covering 46 pages, and the said allegations are faithful and true copies of their originals which appear in the record filed in my office."

As may be seen, the certificate includes only 46 pages. Pages 47 to 51 contain a "transcript of the stenographic

record," the testimony of Angelina Carrión and Eloy Ruiz, certified to by stenographer Carmelo G. Pérez, which was not submitted to the trial judge for his approval.

On January 11, 1929, the intervenor-appellant presented her brief. Three errors are assigned therein, as follows: 1, that the court erred in holding that section 11 of the Intervention Act of 1907 fixes a fatal period for the appearance; 2, that the court erred in holding that as the intervenor was given notice of the judgment, she should have been notified of the filing by the marshal of the claim in intervention, and 3, that the court committed manifest error in weighing the evidence introduced by the intervenor and in failing to exercise in favor of the appellant the authority conferred on it by section 140 of the Code of Civil Procedure.

At this stage the plaintiffs in the action in which the intervention originated, the appellees here, moved the court to strike out the stenographic record because the appellant had not complied with the provisions of Act No. 27 of 1917, and to dismiss the appeal after sustaining the motion to strike. At the hearing on the motion on the 18th of February only the appellees appeared.

That the motion to strike should be sustained is so clear that no discussion is needed. The certificate of the stenographer is not sufficient. The intervention of the adverse party is necessary and the transcript must be approved by the trial judge before it can be sent up to the Supreme Court as an authentic document. Nothing of that nature has been done here.

After the transcript of the evidence has been stricken out, is this court left in a position to consider the appeal?

As far as this court can go into an examination of the record, considering the fractional form in which the same has been filed, it might be deduced therefrom that Marcelino Quiñones and others brought an action of filiation against Juana Maldonado. Judgment for the plaintiffs having been

rendered, several cows belonging to the defendant were levied on in an effort to collect the costs.

On August 14, 1928, Angelina Carrión, the appellant here, made a written claim to the marshal that the said cows belonged to her. The marshal delivered the property to her after she had furnished security. The marshal filed his return in the court and the clerk gave notice of it to all the parties on September 19, 1928.

On September 27, 1928, the plaintiffs in the action appeared in the intervention proceeding and on the 1st of the following October appeared again and moved the court to dismiss the intervention proceeding because the intervenor had not appeared to make her claim within the statutory period. The motion was sustained by the court on October 2, 1928.

On the 9th of October the intervenor appeared and moved the court to exempt her from the effects of its ruling of October 2nd because her failure to formulate the question in time was due to the fact that she had not been notified of the filing in the court by the marshal of the return in regard to her claim and because she had a good cause of action. An affidavit of merits was exhibited and evidence in support of the motion was offered and heard. The plaintiffs intervened in opposition.

The court took the case under consideration and by a reasoned order decided it against the intervenor on October 27, 1928. The present appeal was taken from that order.

In its reasoning the court expressed its opinion that the period of ten days prescribed by section 11 of the Intervention Act is fatal.

Sections 11 and 12 of that Act, sections 5270 and 5271 of the Compilation of 1911, read as follows:

"Sec. 11. (*As amended by act of March 12, 1908, page 83*). As soon as the secretary of the court shall have received the oath and bond, he shall notify all parties to the suit of such fact, who shall be required to appear after ten days' notice, and if, after such notice

has been perfected, parties appear, the court shall direct an issue to be made in writing and tried as in other cases, and parties to the first suit shall always be parties in the suit to establish the rights of a third party.

"Said issue shall consist of a brief statement of the nature of the right of the claimant by which he seeks to claim as his own and to exclude from the operation of such levy the property in dispute, and of the authority and right of the defendant or defendants in such proceeding to subject the property levied on to the writ.

"Sec. 12. If the plaintiff does not appear after being duly notified, a nonsuit shall be entered against him, and if the defendant fails to appear judgment shall be entered by default."

The law could not be clearer. The claim will be dismissed on failure to appear within the time prescribed.

Not only did the district judge express his opinion in regard to the law, but also examined the circumstances of the case and the evidence heard in order to decide whether or not it had been shown that the intervenor had been notified. He found that the notice had been given and concluded as follows:

"We do not think that we would be justified in the present case in exercising our discretion and setting aside the judgment rendered. Moreover, it is insisted in the affidavit of merits that her attorney had abandoned her case, whereas the truth is that in her testimony before the court she stated that she had never spoken to attorney Calzada nor ever intrusted him with her case. We do not consider this to be a fit and proper case for the exercise of our discretion, if we have any, and therefore the motion of the intervenor or petitioner is denied."

Admitting that the period of ten days prescribed in section 11 of the Intervention Act can not be likened to that fixed by the Code of Civil Procedure for appealing and therefore could be dispensed with in really appropriate cases in the exercise by the court of the authority conferred by section 140 of the Code of Civil Procedure, we know that in the present case the court weighed the facts of the case, analyzed the evidence heard and decided that it was not a proper case for the exercise of its discretion.

The only thing that might be considered by this court is whether the trial court committed manifest error in weighing the evidence, and how could we do that if the evidence is not before us?

The appeal is entirely frivolous and consequently should be dismissed.